MERIDEN CREAMERY CO., Inc., et al. v. McCULLOUGH.

No. 33216.    June 29, 1948.

*195 P. 2d 765.*

Monnet, Hayes & Brown, of Oklahoma City, and Reuben Sparks, of Woodward, for plaintiffs in error.

Emmett A. Klem, of Shattuck, and Claude E. Love, of Oklahoma City, for defendant in error.

WELCH, J. M. A. McCullough sued Meriden Creamery Company, Inc., a corporation, and George T. Scott for damages for personal injuries which he had sustained in a motor truck accident. It was plaintiff's theory that the accident occurred at a time when plaintiff was a passenger in a motor truck owned by the defendant company and being operated by the defendant Scott on a mission for the company. In the course of the trial of the case in district court, the defendants demurred to plaintiff's evidence and asserted the court was without jurisdiction of the suit, and at the close of all the evidence defendants presented motions for directed verdict in their favor, asserting that under the undisputed evidence and admitted facts plaintiff was an employee of defendant and was engaged in one of the hazardous employments named in the Workmen's Compensation Act, and that for such reason the district court was without jurisdiction of the cause. The demurrer and motions were overruled and the cause submitted to a jury. A verdict was returned and judgment entered thereon in favor of the plaintiff, and defendants appeal.

Argument and authorities are presented in support of the following propositions:

"I. The plaintiff, McCullough, was engaged in one of the hazardous employments named in the Workmen's Compensation Act and was, therefore, covered by that Act.

"II. As the plaintiff was covered by the Workmen's Compensation Act and entitled to recover thereunder, the district court had no jurisdiction of this case and the trial court erred in refusing to sustain the motion of the defendants to dismiss for want of jurisdiction."

The contentions are predicated upon the fact that plaintiff was an employee of the Creamery Company and acting in the course of his employment at the time of the accident and injuries; that the plaintiff and the defendant Scott were fellow employees. The record reflects that the defendant was operating a creamery in Hutchinson, Kansas, and maintained cream stations at Woodward and Arnett, Oklahoma, from which points a truck was operated daily along a definite route into the surrounding territory for the purpose of gathering dairy products to be brought into these stations to be tested and separated and transhipped to the creamery in Hutchinson. The defendant Scott, a salaried employee of the company, lived at Woodward and was in charge of the station work and drove the truck and transacted the business on the route. This employee, in addition to the purchase and gathering of dairy products along the route, also purchased and hauled eggs and poultry. There is no evidence that the poultry and eggs were transhipped to the creamery. It is not clear whether the poultry business was carried on by the company as a sideline and separate and apart from the operation of the creamery, or whether such business was operated by the defendant Scott as a private enterprise and while attending to duties for the company.

The defendant Scott testified that he became acquainted with the plaintiff after letting plaintiff ride on the truck from point to point along the route; that after a few such rides he made arrangements with the plaintiff under which plaintiff would help him with his work, and he paid plaintiff for the work done; that plaintiff would load cream, eggs, catch chickens, or anything Scott had to do; that plaintiff continued to catch rides with him from time to time; sometimes he went along just for the ride, but on most Saturdays worked for him in the handling of the eggs, creams, etc. This arrangement and practice had continued for about nine months prior to the truck accident in which plaintiff was injured. Scott further testified that on the day of the accident he left Woodward alone in the truck, and picked up the plaintiff at

442

Arnett, and they went together along the route attending the usual work, and were returning on the route when the accident occurred; that the company did not know he had hired the plaintiff, but he reported to the company right after the accident that plaintiff was with him at the time of the accident.

The plaintiff on direct examination was asked whether or not he had worked for George Scott or the Meriden Creamery Company. He replied, "George Scott" . . . "helping him load cases of eggs, cream cans and poultry." On cross-examination plaintiff was asked if he had said he had been working for the Meriden Creamery Company and Mr. Scott for about nine months. He stated that he had; that he would be paid by Meriden Creamery Company checks and sometimes by cash, that he would be paid according to the amount of work he did.

Such was the evidence in reference to the plaintiff's employment, and employment status, at the time of the accident and injury. It is not clear from the evidence whether plaintiff was an employee of the defendant Scott or of the defendant Creamery Company. No contention is made nor does the evidence show that plaintiff as an independent employee of Scott was covered by the Workmen's Compensation Act and entitled to recover thereunder. In the absence of a clear showing that plaintiff was an employee of the Creamery Company at the time of the accident, the trial court properly overruled the challenge to jurisdiction on grounds that plaintiff was covered by the Workmen's Compensation Act.

The judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.